NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK M. MCMORROW,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3169

---

Petition for review of the Merit Systems Protection Board in case no. PH844E100069-I-1.

---

Decided: December 15, 2010

---

PATRICK F. MCMORROW, Belmar, New Jersey, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

---

Before DYK, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Patrick McMorrow seeks review of a final decision of the Merit Systems Protection Board (Board) affirming the denial of his application for disability retirement annuity benefits under the Federal Employees Retirement System (FERS). For the reasons discussed below, we *affirm*.

BACKGROUND

On January 20, 2009, Mr. McMorrow submitted an application to the Office of Personnel Management (OPM) for disability retirement. Mr. McMorrow indicated that from January 1999, he became disabled from performing his duties as a Store Associate for the Department of Defense, Defense Commissary Agency, in Fort Monmouth, New Jersey. Mr. McMorrow stated that he suffered from grand mal seizures, and he indicated that his condition affected his attendance, conduct, and his ability to do the duties of his job. J.A. 14.

In August 2009, OPM denied Mr. McMorrow's application. J.A. 66. OPM noted that Mr. McMorrow claimed that he became disabled in January 1999, however, he continued to work without accommodation. J.A. 65. OPM noted that Mr. McMorrow was hospitalized in September 2008 for a seizure disorder and alcoholism, and the report stated that he failed to take his seizure medication, Dilantin. *Id.* OPM concluded that the evidence failed to show that Mr. McMorrow's seizure condition prevented him from performing the essential duties of his position, warranted his exclusion from the workplace, or caused any of his misconduct. *Id.* at 65-66.

Mr. McMorrow requested reconsideration, and OPM denied his request. Mr. McMorrow then appealed to the Board. The Board first reviewed the medical evidence submitted by Mr. McMorrow. The Board reviewed a June 2, 2008 letter submitted by Dr. Peeples opining that Mr. McMorrow had "a long term history of seizure disorder manifesting as generalized grand mal seizures at a frequency of approximately four to five per year." J.A. 3. The Board noted that Mr. McMorrow had twenty-two office visits with Dr. Peeples, and the records of those visits indicate treatment for seizures, a rib fracture, a scalp laceration, left shoulder injury, bronchitis, and chronic obstructive pulmonary disorder. *Id.* The Board stated that Mr. McMorrow had two hospitalizations. *Id.* at 4. The first hospitalization followed a seizure at work, and the hospital summary reflected chronic alcoholism and noncompliance with medical advice, including failure to take seizure medication. *Id.* The Board noted that the summary also stated that Mr. McMorrow's prescriptions for seizure medication were discontinued because his seizures were determined to be alcohol related. *Id.* The Board explained that Mr. McMorrow's second hospitalization occurred after a fall and again reflected a history of alcohol abuse and poor compliance with medical advice. *Id.* The Board reviewed six medical incident reports dated from January 2004 to January 2009, each reporting that Mr. McMorrow had a seizure at work. *Id.* at 4-5. The Board reviewed a September 24, 2009 letter submitted by Dr. Peeples with Mr. McMorrow's request for reconsideration. In this letter, Dr. Peeples opined that while alcohol exacerbated Mr. McMorrow's condition, it was not the primary cause of his disorder. *Id.* at 4. The Board reviewed a discharge summary from Carrier Clinic, which Mr. McMorrow submitted with his appeal to the Board. *Id.* at 5. The Board noted that according to this summary, Mr. McMorrow was admitted for four days

alcohol detoxification in May 2007, and he stayed for an additional five days for rehabilitation. *Id.* The Board reviewed a September 28, 2009 report from Dr. Richard S. Rhee, a neurologist who treated Mr. McMorrow about two weeks after a seizure. *Id.* The Board explained that Dr. Rhee concluded that Mr. McMorrow's seizure disorder was "most likely a combination of idiopathic seizure disorder triggered by alcohol withdrawal or alcohol stimulating origin." *Id.* Finally, the Board reviewed letters submitted by Mr. McMorrow's sister, one of which explained that he had been hospitalized twice in the previous two-week period for transient ischemic attacks. *Id.*

The Board next considered whether Mr. McMorrow's seizure disorder affected his work performance. The Board noted that that Mr. McMorrow never claimed that he was unable to work or explained how his seizure condition affected his attendance, performance, or conduct. *Id.* at 5-6. The Board further noted that Dr. Peeples did not report that Mr. McMorrow's condition was disabling or explain how it might prevent him from performing his duties. *Id.* at 6. The Board noted that the evidence showed that Mr. McMorrow's seizures could be controlled or eliminated if he abstained from alcohol and/or took his medication. *Id.* The Board noted that Mr. McMorrow used 297.75 hours of leave time from July 2008 to February 2009, however, the Board stated that no evidence or argument was proffered relating those absences to his seizure disorder. *Id.* The Board stated that Mr. McMorrow claimed he suffered from seizures for more than ten years, yet he failed to explain how he was able to work continuously for the commissary since 1998 despite his condition. J.A. 7. The Board concluded that although the record contained evidence that Mr. McMorrow had six seizures at work, no evidence suggested that his seizures affected his ability to perform his duties as a store associ-

ate. J.A. 6. The Board thus affirmed OPM's decision based on two alternative fact findings: first, that Mr. McMorrow failed to prove that his seizures affected his ability to do his job and second, that his seizures could be controlled if he abstained from alcohol.

Mr. McMorrow sought review, and the Board denied his request. Mr. McMorrow appealed to this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"[F]actual underpinnings of [OPM] disability determinations may not be judicially reviewed, but review is available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985).

To qualify for disability benefits under FERS, an employee must show by a preponderance of the evidence that he has completed at least eighteen months of "civilian service" and is "unable, because of disease or injury, to render useful and efficient service" in his current position and does not qualify for accommodation or reassignment. *Trevan v. Off. Pers. Mgmt.*, 69 F.3d 520, 522 (Fed. Cir. 1995); 5 U.S.C. § 8451(a).

Mr. McMorrow argues that we should vacate and remand because the Board refused to consider certain evidence submitted after the Administrative Judge's initial decision February 17, 2010, but prior to Mr. McMorrow's petition for review to the Board. The evi-

dence is a letter from Mr. McMorrow's doctor March 9, 2010, stating, among other things, that "Mr. McMorrow's seizures have not been controlled despite taking his seizure medicine as prescribed," and "that it is medically dangerous for him to continue working."

The Board must consider, on review, any new, previously unavailable evidence that is material. 5 C.F.R. § 1201.115(d)(1). Assuming that the letter from Mr. McMorrow's doctor was previously unavailable, it only addresses one of the Board's two, independent bases for denying disability: whether Mr. McMorrow's condition affected his ability to do his job. The letter does not address the other basis: whether Mr. McMorrow's seizures could be controlled if he abstained from alcohol. Because Mr. McMorrow only submitted new evidence addressing one of the Board's two independent bases, the Board did not err.

## CONCLUSION

For the reasons discussed above, we *affirm* the Board's denial of Mr. McMorrow's application for retirement annuity benefits.

## **AFFIRMED**

## COSTS

No costs.